UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 19-cv-22771-UNGARO

FRANCESO GRANIERO, and other
Similarly situated individuals,

    Plaintiff,

v.

EMIL FRANC, INC. d/b/a Café Ragazzi,
HECTOR REGLERO, and PAOLA GAUDELLI,

    Defendants.
_____/

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, EMIL FRANC, INC., d/b/a Café Ragazzi ("Ragazzi") and HECTOR REGLERO ("Reglero"), move to dismiss the Complaint for failure to state a claim upon which relief can be granted, and in support thereof state:

## INTRODUCTION

On July 5, 2019, Plaintiff, Francesco Graniero ("Plaintiff"), initiated this action with a Complaint against Defendants, asserting two (2) claims for relief: (1) failure to pay overtime wage compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., (Count I – Against Corporate Defendant); and (2) failure to pay overtime wage compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., (Count II – Against Individual Defendants). However, as demonstrated below, each of these claims has serious pleading deficiencies warranting the dismissal of the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

"Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action." Brain Pharma, LLC, v. Scalini, et al., 858 F. Supp. 2d at 1352 (citing Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 758 F.3d 1252, 1261 (11th Cir. 2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[I]n analyzing the sufficiency of the complaint, the Court limits its consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." Greene v. H & R Block E. Enterprises, Inc., 727 F. Supp. 2d 1363, 1366 (S.D. Fla. 2010) (internal quotations and alternations omitted); La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## ARGUMENT

Fed. R. Civ. P. 12(b) governs motions to dismiss and allows for dismissal of a claim when a pleading party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court states that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlanta Corp. v. Twombly, 550 U.S. 544, 556 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that a pleading must provide "more than an

unadorned, the-defendant-unlawfully-harmed me accusation"). Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. Id.

A complaint that meets the heightened pleading requirements of Twombly and Iqbal is nevertheless deficient if its allegations are so vague and ambiguous that the responding party cannot respond in good faith or without prejudice to himself.[1] Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. Twombly, 550 U.S. 544 at 555. In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

This Court states, "[a]s the Supreme Court has stressed, Twombly 'expounded the pleading standard for all civil actions' " and FLSA cases are no exception. Diaz v. U.S. Century Bank, 2012 U.S. Dist. LEXIS 116877 at *4, note 1 (S.D. Fla. 2012). The assertion of factual conclusions or "legal conclusions masquerading as factual conclusions" fails to satisfy the Twombly and Iqbal pleading standard. Twombly, 550 U.S. at 555; Diaz, 2012 U.S. Dist. LEXIS 116877 at *3. Moreover, simply pleading "facts that are merely consistent with a defendant's liability... stops short of [the Twombly and Iqbal pleading standard]." Iqbal, 556 U.S. at 678. Since, as argued below, Plaintiff's Complaint fails to meet these pleading standards, it is deficient and thus the relief requested by Defendants under Fed. R. Civ. P. 12(b)(6) is warranted.

    a. **Plaintiff has not stated a claim for Enterprise Coverage under the FLSA**

Enterprise coverage applies to an employer which: (1) has employees engaged in commerce or the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

---

[1] Fed. Ins. Co. v. Bonded Lightning Protection Sys., Inc., 2008 U.S. Dist. LEXIS 97952 *6 (S.D. Fla. 2008); Duran v. City of Satellite Beach, 2005 U.S. Dist. LEXIS 41795 (M.D. Fla. 2005); 5 Wright & Miller, Fed. Practice & Procedure: Civil § 1356 at 590-591.

any person; and (2) has at least $500,000.00 of annually gross volume of sales or business done. Polycarpe, 616 F.3d at 1220 (citing 29 U.S.C. § 203(s)(1)(A)). "Commerce" refers to interstate or foreign commerce. See 29 U.S.C. § 203(b) (" 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.").

To state a claim for enterprise coverage a plaintiff must include some actual facts (and not merely labels or conclusions) plausibly connecting an employer's business to interstate commerce. See Sobinski v. Learning Connections of Pensacola, LLC, 2014 WL 5092268, *2-*3 (N.D. Fla. 2014). The Complaint must state the nature of the employer's business as it relates to interstate commerce in order to sufficiently plead enterprise coverage. See Ceant v. Aventura Limousine & Transp. Service, Inc., 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (granting the Defendant's motion to dismiss and stating that "[t]he primary problem is that the Complaint provides no factual allegations about... the nature of [defendant's] business").

As in Ceant, here, the Complaint provides no factual allegations regarding the nature of Defendant Ragazzi's business. The relevant allegations, ¶¶ 6 and 7 of the Complaint [D.E. 1], are conclusory and void of any details or facts connecting Defendants' business to interstate commerce. Plaintiff also does not identify any specific goods or materials allegedly used by Defendants' employees. Under the Iqbal and Twombly pleading standard, Plaintiff cannot simply rely on these vague allegations to show that Defendant Ragazzi or its employees engaged in interstate commerce. Such allegations are nothing more than the type of formulaic recitation of the elements of a claim the Supreme Court holds "will not do." Iqbal, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting Twombly, 550 U.S. at 557).

For the reasons above, the allegations in Plaintiff's Complaint concerning enterprise coverage are insufficient and the Complaint should be dismissed.

    **b. The Complaint fails to adequately allege a basis for FLSA liability against Individual Defendants**

Courts in this district have routinely granted motions to dismiss employer-liability claims under the FLSA where, like here, the plaintiff alleges nothing more than bare-bones, conclusory allegations that the defendant is an "employer" as defined by the Act. For example, in Gonzalez v. Old Lisbon Rest. & Bar L.L.C., 820 F. Supp. 2d 1365 (S.D. Fla. 2011), the plaintiff alleged that one of the defendants was an "employer" because "the related activities between the two limited liability companies, performed through unified operation and common control, are being done for a common business purpose." Id. at 1368-1369. The court dismissed the amended complaint, holding that "this paragraph is insufficient to state a claim under a joint enterprise theory because it contains only bare legal conclusions and does not specifically allege any actual facts describing Defendants or their businesses." Id. (emphasis supplied). Similarly, in Kendrick v. Eagle Int'l Grp., LLC, No. 08-80909-CIV, 2009 WL 3855227 (S.D. Fla. Nov. 17, 2009), the court dismissed an FLSA complaint against the individual defendant in an overtime case where the plaintiff "failed to allege a single fact to support her legal conclusion that [defendant] ... is an employer under the FLSA." Id. at 3.

In Diaz, the court granted a motion to dismiss because "Plaintiffs' complaint did not offer sufficient factual foundation to establish that Century Bank was Plaintiffs' 'employer' pursuant to the Act. Plaintiffs for the most part have only made very vague assertions concerning their employment relationship with Century Bank." Id. at 2. The court in Diaz explained that, while the complaint did allege that the defendants "were responsible for controlling Plaintiffs' work hours and pay[,] ... the Plaintiffs have not provided anything more than those general, unsubstantiated

claims ... leaving the extent of Century Bank's actual control over Plaintiffs to mere speculation." Id.; see also Perez v. Muab, Inc., No. 10-62441-CIV-COHN, 2011 WL 845818, at 2 (S.D. Fla. Mar. 7, 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff alleged only that defendant "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA ... in the store where Perez was employed.").

Here, Plaintiff's only mention of the individual Defendants comes in ¶¶ 20 and 21, and are conclusory allegations that the individual Defendants are employers. As in Muab, the allegations made here in Plaintiff's Complaint are devoid of any facts. Thus, this Court should dismiss the Complaint against the individual Defendants because Plaintiff merely recites, in a conclusory fashion, the elements of an employment relationship rather than factual allegations relating to those elements.

### c. Plaintiff's commingling of individual Defendants is improper

Federal Rule of Civil Procedure (8)(d)(1) states that "[e]ach allegation must be simple, concise, and direct. Federal Rule of Civil Procedure 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . [i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Here, Plaintiff improperly commingles two individual Defendants in one claim. Setting aside the fact that Plaintiff has only made conclusory allegations and that the Complaint should be dismissed on multiple other grounds, for the purposes of promoting clarity, and because any alleged individual's actions would likely be founded on separate transactions or occurrences,

Plaintiff should bring claims against any individuals separately. As a result, the Complaint should be dismissed.

    d. **The Complaint Fails to Allege Facts Supporting a "Willful" Violation of the FLSA or His Entitlement to Liquidated Damages**

The Complaint alleges that "[t]he Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments", and "[t]he Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above."

These allegations are nothing more than mere legal conclusions. Completely absent from the Complaint are any factual allegations to support these conclusions. When alleging a claim for knowing or willful violation of the FLSA, a plaintiff must show "that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133 (1988). Likewise, a plaintiff must allege facts sufficient to demonstrate an entitlement to liquidated damages. <u>See</u> <u>Stewart v. Sterling Technology Solutions</u>, LLC, 2012 WL 2680798, at *4 (M.D. Fla. June 12, 2012) (refusing to impose liquidated damages in connection with default judgment under the FLSA because complaint provided only legal conclusions and no factual support for allegation that defendant's conduct was willful).

Because the Plaintiff has offered no facts to establish that the Defendants' conduct was willful or that he is entitled to liquidated damages, the Complaint should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Electronic Filing generated by CM/ECF to Yadhira Ramirez-Toro, Esq., of Saens & Anderson, PLLC, 20900 NE 30th Avenue, Suite 800, Aventura, Florida 33180, yramirez@saenzanderson.com, on this 1st day of August, 2019.

**DEL CRISTO, FERNANDEZ & MONJE, P.A.**
*Counsel for Defendants,*
*Emil Franc, Inc. and Hector Reglero*
2655 S. Le Jeune Road, PH 2-A
Coral Gables, Florida 33134
Telephone: (305) 329-2990

*/s/Andres F. Fernandez*
ANDRES F. FERNANDEZ
Florida Bar No.: 111967
ALEXANDER J. MONJE
Florida Bar No.: 1008206
Fernandez@dfmlawyers.com
Monje@dfmlawyers.com
Pleadings@dfmlawyers.com